# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 15CR2932-H |
|---|---|
| Plaintiff, | |
| v. | ORDER CONTINUING MOTION HEARING/TRIAL SETTING DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| JEFFREY STOFF (4), ROBERT STROJ (7), | |
| Defendants. | |

A motion hearing/trial setting is currently scheduled for April 27, 2020. (Doc. No. 1056.) Good cause appearing, the Court vacates the motion hearing/trial setting set for April 27, 2020 and continues the hearing to June 1, 2020 at 2:00 p.m. The Court makes the following factual findings, which apply to the exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h).

The President of the United States of America, the Governor of the State of California, and the Mayor of the City of San Diego have declared states of emergency in response to the spread of the coronavirus ("COVID-19"). The Centers for Disease Control and Prevention and other public health authorities have advised that public gatherings be limited to no more than ten people. To protect public safety and prevent the spread of COVID-19, on March 17, 2020 the Chief Judge of the Southern District of California

issued an order declaring a judicial emergency for a period of 30 days. Chief Judge Larry A. Burns found that the period of suspension of criminal trials and other criminal proceedings implemented by its Order is excluded under the Speedy Trial Act, on the basis that the current COVID-19 pandemic constitutes a "judicial emergency" under 18 U.S.C. § 3174. The period of exclusion will be from March 17, 2020 to April 16, 2020 absent further order of the Chief Judge or that of any individual district judge. See Order of the Chief Judge No. 18 (S.D. Cal. March 17, 2020) (Burns, C.J.). On April 15, 2020, Chief Judge Burns extended the judicial emergency for an additional period of 30 days. See Order of the Chief Judge No. 24 (S.D. Cal. April 15, 2020) (Burns, C.J.).

Other federal district courts within the State of California have suspended jury trials in light the COVID-19 outbreak. See Amended General Order No. 20-02 (C.D. Cal. March 17, 2020) (Phillips, C.J.); General Order No. 611 (E.D. Cal. March 17, 2020) (Mueller, C.J.); General Order No. 72 (N.D. Cal. March 16, 2020) (Hamilton, C.J.). Additionally, state trial courts within the State of California have also suspended all jury trials for a period of 60 days due to the pending pandemic surrounding COVID-19. See Statewide Order of the Chief Justice of California (Judicial Council of California, March 23, 2020) (Cantil-Sakauye, C.J.).

Furthermore, Chief Judge Burns ordered that all felony criminal sentencings in which the Government is recommending a time served sentence will be given scheduling priority on the Court's calendar in the interest of justice. See Order of the Chief Judge No. 22 (S.D. Cal. April 9, 2020) (Burns, C.J.). During the pendency of the Chief Judge's order, all hearings in all other criminal matters are deferred. Id. At this time, this case does not fall under the category of cases to be given priority.

The parties continue to exercise due diligence in the preparation of this case. Even beyond the period of judicial emergency, the current health emergency and the complexity of this case would likely hinder necessary steps the parties would take to meet with witnesses and trial teams, to resolve pretrial disputes between parties, and otherwise adequately prepare for pretrial proceedings or the trial itself within the time limits

established by the Speedy Trial Act. Taking into account the exercise of due diligence by the parties, the Court finds that that the current health emergency make it unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. Furthermore, the failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation and would result in a miscarriage of justice.

This case is an unusually complex prosecution, as contemplated by 18 U.S.C. § 3161(h)(7), in that it involves a criminal charge with multiple co-defendants and overt acts, the evaluation of significant amounts of evidence, and the involvement of multiple witnesses. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h) and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. See United States v. Tanh Huu Lam, 251 F.3d 852, 858 (9th Cir.), as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam, 262 F.3d 1033 (9th Cir. 2001) ("[D]eclin[ing] to permit a defendant's interest in a speedy trial to override his attorney's legitimate assessment of the complexity of a case and his corresponding need to prepare" and further noting that "[t]o hold otherwise would risk setting up an irreconcilable conflict with a defendant's right to effective assistance of counsel[.]").

Furthermore, there are pending pretrial defense motions (Doc. Nos. 178, 282, and 969) that require a hearing before the Court. The Court continues the pending motions to the June 1, 2020 hearing. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(1)(D). See United States v. Tinklenberg, 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the Speedy Trial Act's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.).

In light of the foregoing reason, the Court orders that time be excluded from April 27, 2020 to June 1, 2020 under 18 U.S.C. §§ 3161(h) and 3174.

The Defendants are ordered to appear before the Court on June 1, 2020 at 2:00 p.m.

and each Defendant is to execute and file an acknowledgment of next court date by May 18, 2020.

        IT IS SO ORDERED.

        Dated: April 20, 2020

                                            HONORABLE MARILYN L. HUFF
                                          UNITED STATES DISTRICT JUDGE